IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNARD DANIELS, #M44217, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−698−SMY |
| | ) | |
| DR. VIPIN SHAH, | ) | |
| DR. VENERIO SANTOS, | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| and LISA LERCHER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kennard Daniels, an inmate at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that the defendants have been deliberately indifferent to his serious medical issues, in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

>   (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>   (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Court is also encouraged to sever unrelated claims against different defendants into separate lawsuits during screening. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This is to prevent inmates from flouting "…the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or [from circumventing] the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). *See also Wheeler v. Talbot*, -- F. App'x --, 2017 WL 2417889 (7th Cir. 2017) (district court should have severed unrelated and improperly joined claims or dismissed one of them). Thus, consistent with *George*, *Owens* and *Wheeler*, any unrelated claims will be severed into new cases, given new case numbers and assessed separate filing fees.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations regarding the alleged mistreatment of his medical condition at Lincoln Correctional Center ("Lincoln") and Centralia Correctional Center ("Centralia").

*Lincoln Correctional Center*

On May 20, 2014, Plaintiff notified Nurse Grady that he was having complications with

his throat, including severe pain and bleeding. (Doc. 1, p. 6). At that time, "the Defendants provided very little to no medical treatment." *Id.* On May 27, 2014, Plaintiff told Nurse Rose about his sore throat and the pain and bleeding that he had been experiencing since April 4, 2014. Nurse Rose treated him with acetaminophen 325 and CTM 4mg, as if he had an upper respiratory infection. *Id.* Plaintiff complained to Nurse Tripplett about his sore throat on June 7, 2014. *Id.* Tripplett documented Plaintiff's pain, swallowing, history of sore throats, redness and enlarged tonsils. *Id.* Neither Tripplett nor the defendants provided Plaintiff with medical treatment at that time. *Id.*

On June 11, 2014, Plaintiff filed an emergency grievance requesting medical attention. (Doc. 1, p. 7). On June 12, 2014, Plaintiff complained of throat complications to Nurse Jennings. *Id.* At that time, Plaintiff was admitted to the infirmary at the Health Care Unit ("HCU"). *Id.*

On June 30, 2014, Plaintiff complained to Nurse Hurst about his sore throat and complications. *Id.* Hurst treated Plaintiff as if he had an upper respiratory infection and only provided him with acetaminophen and CTM 4mg. *Id.*

On September 5, 2014, Defendant Lercher responded to Plaintiff's emergency grievance by providing a summary of the days that Plaintiff has been to a nurse sick call. *Id.* Lercher noted that Plaintiff was diagnosed with having Chronic Tonsillitis, that he has been on different treatments, and that there is no follow up care. *Id.*

Plaintiff complained about a sore throat to Nurse Alexander on September 15, 2014 and told him that he was coughing up blood and had redness, enlarged tonsils, carnal red tympanic membrane, enlarged lymph nodes and difficulty swallowing. (Doc. 1, pp. 7-8). On September 22, 2014, Plaintiff complained again to a nurse about his throat being sore and enlarged. (Doc. 1,

p. 8).

On September 28, 2014, Plaintiff complained of his sore throat issue to Defendant Shah. *Id.* Shah provided little to no treatment to Plaintiff. *Id.* Plaintiff's medical progress notes dated October 23, 2014 indicate that his throat was sore, he had large tonsils and that his neck nodes had been swollen for over 5 months. *Id.* He was given Amoxicillin, Medrol and Augmentin, but none of them benefitted him. *Id.*

During his visit with Dr. Shah on October 23, 2014, Shah informed Plaintiff that there was no medical procedure (such as a surgery) that could be performed to alleviate his tonsillitis, noting that this was because the Illinois Department of Corrections ("IDOC") would not pay for nor send inmates out to receive treatment for conditions such as Plaintiff's. (Doc. 1, pp. 8-9). However, "a tonsillectomy is the only proper procedure for" Plaintiff's condition. (Doc. 1, p. 9). After Plaintiff's family contacted Lincoln Correctional Center, IDOC and Wexford concerning his throat issue, Plaintiff was transferred to Centralia Correctional Center. *Id.*

*Centralia Correctional Center*

On June 15, 2016, Plaintiff submitted a medical request for sick call because his tonsils were swollen and causing him a great deal of pain and discomfort. *Id.* Plaintiff saw a nurse on June 17, 2016, but she informed him that she could not do anything for him and that the doctor would need to prescribe him antibiotics. *Id.*

On June 20, 2016, Plaintiff had a visit with Dr. Santos, who admitted that Plaintiff's tonsils were swollen and red. *Id.* Santos told Plaintiff that he could not do anything for him and that he would need to get used to the swelling. (Doc. 1, p. 10). That same day, Plaintiff filed an emergency grievance with the chief administrative officer concerning Dr. Santos' treatment of him, requesting a second opinion and a tonsillectomy. *Id.* The emergency grievance was denied

4

by the grievance officer and warden on August 12, 2016. *Id.* Plaintiff appealed the emergency grievance, but it was denied by Sherry Benton of the Administrative Review Board in 2017. *Id.*

Currently, Plaintiff is in pain, has difficulty eating and is spitting and coughing up blood. *Id.* The actions of the defendants in knowingly and intentionally refusing to treat Plaintiff's condition and pain cause him pain, suffering, physical injury and emotional distress. *Id.* Plaintiff requests injunctive relief in the form of a tonsillectomy performed by medical professionals other than the defendants. (Doc. 1, p. 11). Plaintiff also requests monetary damages. *Id.*

## **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Shah showed deliberate indifference to Plaintiff's serious medical need involving chronic tonsillitis and pain associated therewith in violation of the Eighth Amendment.
>
> **Count 2 –** Lercher showed deliberate indifference to Plaintiff's serious medical need involving chronic tonsillitis and pain associated therewith in violation of the Eighth Amendment.
>
> **Count 3 –** Wexford Health Sources, Inc. showed deliberate indifference to Plaintiff's serious medical need involving chronic tonsillitis and pain associated therewith in violation of the Eighth Amendment.
>
> **Count 4 –** Santos showed deliberate indifference to Plaintiff's serious medical need involving chronic tonsillitis and pain associated therewith in violation of the Eighth Amendment.

To the extent Plaintiff sought to bring claims against individuals or entities not included in the case caption, these individuals or entities will not be treated as defendants in this case and

any claims against them should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Individuals mentioned in the Complaint but not included in the case caption or list of defendants include but are not limited to: Sherry Benton, Nurse Alexander, Nurse Rose and Nurse Tripplett. Further, any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

As discussed in more detail below, because Counts 1, 2 and 3 involve distinct claims against different defendants. Therefore, these counts will be severed from this case into a new action and likely transferred to the Central District of Illinois, in which Lincoln Correctional Center, where these claims arose, is located. Count 4 will remain in this case and will be allowed to proceed past threshold.

The separate action for Counts 1, 2, and 3 will have a newly assigned case number, and it shall be assessed a filing fee. The severed case shall undergo preliminary review pursuant to § 1915A after the new case number and judge assignment has been made, and after it has been transferred if the judge assigned to it determines that a transfer is appropriate.

## Count 4

A prisoner raising a claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The second requirement involves a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297).

Plaintiff has satisfied both the objective and subjective standard of his deliberate indifference to medical needs claim, at least with respect to Santos' treatment of his chronic tonsillitis and pain, or lack thereof. Accordingly, Count 4 will proceed against Santos.

### **Wexford Health Sources, Inc.**

Wexford is a corporate entity and is therefore treated as a municipality for purposes of § 1983 liability. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Here, Plaintiff has not alleged any concrete policy or custom on the part of Wexford concerning the treatment of medical conditions such as his, nor has he alleged that the treatment he received or did not receive was due to a policy directive by Wexford. For this reason, were Count 3 to remain in this action, it would be dismissed without prejudice.

Count 3 will not remain in this action, however, as Plaintiff does not actually mention Wexford in his statement of claim, at least as it describes incidents that occurred at Centralia Correctional Center. Plaintiffs are required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

7

And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Because Plaintiff has not alleged that Wexford is personally responsible for the deprivation of a constitutional right that occurred at Centralia Correctional Center, Count 3 will be severed into a new case along with the counts that involve claims arising at Lincoln Correctional Center, as Wexford was at least mentioned in that section of the statement of claim.

### **Injunctive Relief**

Plaintiff has requested that the Court direct the defendants to arrange for a tonsillectomy to be performed on the Plaintiff. (Doc. 1, p. 11). To the extent Plaintiff is seeking a preliminary injunction, such relief is issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Here, Plaintiff has not filed a separate motion for a preliminary injunction. He does not mention whether he is seeking a preliminary injunction or a permanent injunction, nor does he state that he is seeking relief pursuant to Rule 65(a). Plaintiff has also not demonstrated or alleged that he faces any immediate or irreparable injury or loss that warrants this drastic form of relief. As such, Plaintiff has set forth insufficient allegations in support of his request for injunctive relief. Should his situation change during the pending action, necessitating emergency intervention by the Court, Plaintiff may file a motion for a preliminary injunction pursuant to

Rule 65(a). At this time, Plaintiff's request for injunctive relief, to the extent he is seeking a preliminary injunction, shall be **DENIED** without prejudice.

### Pending Motions

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 3) which is **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot. Waivers of service of summons will be issued and served on the remaining defendant as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

Plaintiff's Motion for Status (Doc. 10) is hereby **DENIED** as moot. This Order provides Plaintiff with the current status of the case.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 4** shall **PROCEED** against **SANTOS**.

**IT IS FURTHER ORDERED** that **COUNTS 1, 2**, and **3**, which are unrelated to the other claims in this action, are **SEVERED** into a new case against **SHAH**, **LERCHER**, and **WEXFORD HEALTH SOURCES, INC.**

The claims in the newly severed case shall be subject to screening pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 1); and
- Plaintiff's motion to proceed *in forma pauperis* (Doc. 2).

Plaintiff **will be responsible for an additional $350 filing fee** in this newly severed case.[1] No service shall be ordered in the severed case until the § 1915A review is completed.

**IT IS FURTHER ORDERED** that the *only claim remaining in this action is Count 4*.

**IT IS FURTHER ORDERED** that Defendants **SHAH** and **LERCHER** are **TERMINATED** from **this** action with prejudice, and **WEXFORD HEALTH SOURCES, INC.** is **DISMISSED** from this action without prejudice.

**IT IS ORDERED** that as to **COUNT 4**, the Clerk of Court shall prepare for **SANTOS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Santos's place of employment as identified by Plaintiff. If Santos fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him, and the Court will require him to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Santos is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, unless pauper status is granted.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on the pending Motion to Appoint Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 30, 2017**

<u>s/ STACI M. YANDLE</u>
**Staci M. Yandle**
**United States District Judge**